UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHANNON ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00453-MJD-WTL |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON JOINT MOTION FOR ATTORNEY'S FEES PURSUANT TO EQUAL ACCESS TO JUSTICE ACT**

This matter comes before the Court on the parties' *Joint Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act*. [Dkt. 21]. For the following reasons, parties' Motion is **GRANTED**.

**I.    Background**

On May 16, 2017, Plaintiff filed her initial brief in support of her motion to reverse the ALJ's unfavorable finding and remand for further proceedings. [Dkt. 16.] On July 10, 2017, the parties filed a joint motion to remand the case [Dkt. 18], which the Court granted. [Dkt. 19.] Final judgment was entered on July 12, 2017. [Dkt. 20.] The parties filed this Motion on August 8, 2017, indicating the parties had agreed to an EAJA award of attorney fees and costs in the amount of $8,056.00 [Dkt. 21.] On August 10, 2017, the Court entered an Order to Show Cause directing Plaintiff to provide the appropriate documentation to allow the Court to evaluate the fee award for reasonableness. [Dkt. 22.] Plaintiff responded to the Order with a brief and an itemized statement of actual time expended and the rate at which fees were computed. [Dkt. 23.]

## II. Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"), "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed in a Petition for EAJA fees, the movant must, "within thirty days of final judgment in the action," file her application (1) showing that she is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

First, the Court must determine whether Plaintiff's Motion was timely filed. Section 2412(d)(1)(b) of the EAJA states that an application for fees and expenses must be filed "within thirty days of final judgment in the action." The Supreme Court has clarified that the "30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired," which in this case is 60 days. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). The Court entered final judgment on July 12, 2017. [Dkt. 19.] Thus, Plaintiff's August 11, 2017 petition for attorney fees was timely filed. [Dkt. 21.]

In her Response to the Order to Show Cause, Plaintiff contends she meets the "prevailing party" requirement of the EAJA pursuant to the standard set forth by the United States Supreme Court in *Shalala v. Schaefer*. [Dkt. 23 at 3.] In *Shalala*, the Supreme Court confirmed that a Plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under section 2412(d)(1)(B) of the EAJA. 509 U.S. 292, 300

(1993). Because the Court in this matter remanded Plaintiff's case to an administrative law judge for such further consideration, Plaintiff indeed meets the prevailing party requirement of the EAJA.

Next, the Commissioner bears the burden of proving that her pre-litigation conduct, including the ALJ's decision itself, and her litigation position were substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). In the matter before the Court, the Commissioner agreed to remand thereby electing to not carry her burden of proving that her position was substantially justified. Therefore, Plaintiff meets the EAJA's threshold requirement of asserting that the Commissioner's position in this matter was not substantially justified.

Finally, Plaintiff asserts the fees requested are reasonable pursuant to the terms of the EAJA. [Dkt. 23 at 5-10.] As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Here, Plaintiff attached an itemized statement as an exhibit to her *Response to Order to Show Cause* that tracks the hours worked by Adriana de la Torre and Carina de la Torre, the attorneys on this matter. [Dkt. 23-1.] Additionally, Plaintiff makes a representation of the reasonable rate of computation, as required by the EAJA. *Id*. Thus, Plaintiff has met the threshold requirement of presenting the Court with both the hours expended by her attorney on the matter and the rate used to compute the total fees sought.

Although Plaintiff has met the burden of presentation regarding the amount of fees sought, the Court must determine whether such fees are *reasonable* pursuant to the EAJA. A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602

(2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language additionally permits that the Court may allow for "an increase in the cost of living" to justify a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit recently held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

Here, Plaintiff asserts that Consumer Price Index data from nearby comparable markets demonstrates that the prevailing hourly rate in April 2017 (when the bulk of the work was completed) was $189.26 for the Midwest urban market and $196.31 for the National market. [Dkt. 23 at 6.] Plaintiff asserts the effective agreed-upon hourly rate of $190.00 is consistent with the inflation-adjusted rate, the depth of counsels' experience, the prevailing market rate in the community by lawyers of comparable skills and experience, and the rate approved in other similar disability cases in this district. *Id*. See *Gibbs v. Colvin*, No. 1:15-cv-01860-SEB-MJD at Dkt. 23; *see also Bledsoe v. Colvin*, 1:14-cv-00011-SEB-MJD at Dkt. 26.

Next, the Court must turn to the issue of whether the number of hours reportedly worked by counsel appears sufficiently reasonable. The Seventh Circuit commands that an attorney use the same "billing judgment" with the Court that he or she would implement when presenting a client with the legal bill. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir.

4

1999). As explained by the Supreme Court, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Counsel reports they worked a combined 42.40 hours on this case. [Dkt. 23-1.] The Court has reviewed the itemized time records and finds counsel employed proper "billing judgment" with regard to their work on this matter.

Finally, the Court is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" having taken place in this matter on behalf of Plaintiff or her counsel. Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds, pursuant to 28 U.S.C. § 2412(d)(1)(C).

### III. Conclusion

Based on the foregoing, the parties' *Joint Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act* is **GRANTED**. [Dkt. 21]. Accordingly, Plaintiff is entitled to her reasonable attorney fees in the amount of Eight Thousand Fifty-Six Dollars and No Cents ($8,056.00). Defendant shall pay the EAJA fee directly to Plaintiff's counsel pursuant to the fee assignment signed by Plaintiff and counsel, subject to a statement of federal debt filed by the Commissioner.

Dated: 15 AUG 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov